### IN THE

# SUPREME COURT

### OF THE

# STATE OF VERMONT,

DURING THE JUDICIAL YEAR, COMMENCING IN OCTOBER, 1826,
AND ENDING IN OCTOBER, 1827, TOGETHER WITH
SOME CASES WHICH WERE PREVIOUS-
LY DETERMINED.

━━●●●━━

PHINEHAS NASH, appellee, *vs.* ISAAC R. HARRINGTON, appellant. 

*Chittenden,*
December,
1826.

(*Ante.* vol. 1, page 39.)

THE defendant endorsed to the plaintiff a negotiable note after it had been over due *eight* or *ten* months; the parties living in the same village, and the maker about two miles off.—In the action the endorsee against the endorser, *Held*, that the circumstance of the note having been long over due, could make no difference, and the same ought to be treated as a note endorsed on the day it fell due.

The *Law Merchant* is a part of the common law of England, and as such is adopted by statute here, so far as it is applicable to our local situation and circumstances, and is not repugnant to the constitution or any act of the Legislature of this state. And so far the courts of this state are bound to recognize it.

Where the law in England requires demand by the endorsee, and notice back to the endorser on the same day, to charge him, if the facilities of demand and notice are the same here, the rule of law is the same.

Notice of non-payment must be given back to the endorser, in order to charge him, notwithstanding the insolvency of the maker.

When the facts are found, the question of reasonable notice is purely a question of law.

MOTION, by the plaintiff, that the verdict against him, obtained at the last Nov. adjourned term of Chittenden county court, be set aside, and that a new trial be granted him, founded on exceptions taken at the trial, and certified to this Court, as follows :—

This was an action of *assumpsit*, tried on the general issue against the defendant as endorser of a promissory note executed by *Hiram Burnham*, to one *Cumber*, who endorsed it to the defendant, by whom it was endorsed to the plaintiff on the first day of Dec. 1824, in part payment of a precedent debt; the defendant at the same time also endorsing to the plaintiff, for a like consideration, another note against Burnham made payable to the defendant. These notes, or at least the one now in question, was

2

*Chittenden,*
*December,*
*1826.*

*Nash*
*vs.*
*Harrington.*

endorsed by the defendant when it had been over due eight or ten months. The parties, at the time of the endorsment aforesaid, and for a considerable time before and afterwards, all lived in the town of Burlington :—the plaintiff and defendant in the village of Burlington, and *Burnham* at *Onion river falls,* distant about two miles. It appeared in evidence, that the plaintiff at the time of receiving the notes of the defendant, expressed to him his apprehensions that *Burnham* would not pay—and offered to the defendant a discount or abatement of eight dollars if he would take back the notes.

It also appeared, that, at the time of this transaction, *Burnham* was confined to the limits of the jail, and for several months before and ever since was and has been reputed insolvent and destitute of attachable property.

The plaintiff also produced the following witnesses:—

*John Gray,* who testified that on the 7th day of Dec. A. D. 1824, the plaintiff went to the place of Burnham's residence, aforesaid, for the purpose, as he told the witness, of demanding payment on the notes, but did not find *Burnham* at home.

*Carlton Hutchins,* who testified that on the 8th day of Dec. 1824, he went with the plaintiff for the same purpose, who found *Burnham* and demanded payment, but *Burnham* said he could not pay, unless the plaintiff would take timber—which he did not agree to do.

*Ira Collins,* who testified that the first or second evening after the demand spoken of by *Hutchins,* the plaintiff called on the defendant and gave him notice of his demand on *Burnham,* and his refusal to pay, and that he should look to the defendant for payment ; and that the defendant replied, that if the notes were sued, he should have to pay the one endorsed by him above, and that *Cumber* would have to pay this.

Upon this evidence the Court decided, that the plaintiff was not entitled to recover, and directed a verdict for the defendant, which was returned accordingly. To which decision of the Court the plaintiff excepts.

　　　　*Allowed,* &c.

After argument, the opinion of the Court was delivered by

HUTCHINSON, J. This case came here a year ago on a writ of error, upon which the judgment of the county court was reversed, and the cause remanded for another trial. That decision was made in view of facts offered to be proved on that trial, appearing in the bill of exceptions attached to the record, and which were rejected by the Court. The Court considered, that if all the evidence offered on that trial had been given to the jury, the law arising thereon would have entitled the plaintiff to a verdict. It was stated in that case, that the plaintiff offered to prove, that, when he had notice of the demand upon Burnham and his refusal to pay, he, the defendant, promised to make the payment to the plaintiff. But the case presented by these ex-

*Chittenden,*
December,
1826.

Nash
*vs.*
Harrington.

ceptions, arising from the facts actually proved on the last trial, is a very different one in many respects—particularly in defining the distance of the maker of the note from the parties, the time of the demand, and also in relation to the subsequent promise of the defendant to pay the note. The evidence detailed in the case certified up, and which is now before the Court, has but a faint bearing upon the fact of the subsequent promise offered to be proved, and does not amount to proof that any such promise was made.

The defendant's expression, that if the demand were sued, he must pay his note and Cumber his, might have some application to the other note, of which the Court know nothing, but seems not to refer to this.

There is nothing in this, therefore, tending to take the case out of the rules of law applicable to demand and notice.

As to the fact, that this was a sale and endorsment of a note long over-due, the Court are of opinion, that it can not, under the circumstances, make any difference in the case, and are disposed to treat it as a note endorsed on the day of payment. We are driven, then, to the question, will the Court, here, adopt the rules of the *law merchant,* touching the necessity of demand upon the maker, and notice back to the endorser, in order to charge him, as the same are known in England ? The Court see no reason why they should not, where the circumstances of the parties do not render them inapplicable. Where the law in England requires notice to be given back on the *same day,* if the facilities of demand and notice back are the same here, there is no reason why the rule should not be the same. The law merchant is a part of the common law of England, and as such, is adopted by statute here, so far as it is applicable to our local situation and circumstances, and is not repugnant to the constitution, or any act of the legislature of this state. And so far the courts of this state are bound to recognize it.

The endorser may treat the demand as out of his power and out of his care, till he has notice of non-payment. He may know of the maker's purchasing a horse or other property ; he cannot attach it, for he can make no writ upon it, while in the hands of the endorsee. Without this rule, every case must rest upon its own peculiar facts, furnishing a fruitful source of litigation, and of uncertainty in the result. The question recurs, therefore, has there been reasonable notice ? When the facts are found, this becomes purely a question of law. Here the facts have been found and are presented in the case. And what are they ? They are, that the note was endorsed on the first day of Dec. 1824—that on the 8th day of the same month, payment was demanded of the maker, and refused—that on the first or second evening after the demand and refusal, notice thereof was given to the endorser, and that during all this period, these parties resided near each other in the same village, and the maker only about two miles from them. Is this reasonable notice ?

*Chittenden,*
*December,*
1826.

Nash
*vs.*
Harrington.

The Court say it is not. Under these circumstances, the demand should have been made in a day or two at farthest, and notice must have been given on the same day of demand. We consider that the plaintiff, by keeping the note that length of time without demand, made it his own, and discharged the endorser from his liability.

As to the insolvency of the maker, it is not stated that he was insolvent, but that he was imprisoned, and was reputed to be insolvent and to have no attachable property. But if it were alleged in positive terms, it is unimportant; for it is well settled by the authorities, that notice must be given back to charge the indorser, notwithstanding the insolvency of the maker. Though the maker be poor, yet something may be found by the endorser.

The result of the whole is, that judgment must be entered for the defendant on the verdict.

Judgment for the defendant.

*John N. Pomroy* and *Chs. Adams,* counsel for the plaintiff,
*Wm. Brayton* and *J. C. Thompson,* for the defendant.