## James Greely & al. versus William Hunt.

Where a note is indorsed after it falls due, a demand on the maker and notice to the indorser are necessary to charge the latter, although such demand and notice might have been unavailing, by reason of the insolvency of the maker at the time of the indorsement and afterwards.

Assumpsit against the defendant as indorser of a note given to him by one Joseph Smith, with the money counts. At the trial before Shepley J. it was proved or admitted, that the plaintiffs sold goods to the defendant in the year 1834; that afterwards, in 1835, the plaintiffs received this note of the defendant, he indorsing it, in part payment for the goods; that at this time the note had been payable for more than a year; and that at the time the note was indorsed by the defendant, and received by the plaintiffs, Smith, the maker, was entirely destitute of property, and has so remained since. The witness by whom the taking of the note was proved could recollect no conversation in relation to the note, further than that it was taken in part payment for the goods, and there was no other proof of any circumstances or conversation in relation to the indorsement. There was no proof of any demand on the maker, or notice to the indorser.

The counsel for the plaintiffs contended, that there was a waiver of demand and notice to be inferred; and that they were entitled to recover on the money counts, as the note was no discharge of the original debt.

The Judge directed a nonsuit, which was to be set aside, if the plaintiffs were entitled to recover.

This case was said to have been argued at the June Term, 1841, when the present Reporter was not in office. It was continued *nisi* at the June Term, 1842, and the opinion of the Court was delivered prior to the succeeding law term.

*Robinson & Cooley* for the plaintiffs.

*W. T. & J. H. Hilliard* for the defendant.

The opinion of the Court was drawn up by

WHITMAN C. J. — The defendant indorsed to the plaintiffs a note of hand, in payment for goods purchased of them, against one Smith, who was, at the time, and ever since has been, utterly insolvent; and this action is brought to recover the amount of it. There was no evidence, nor was it even pretended, that there was any deception, or other unfair means used to induce the plaintiffs to take it. It does not appear that the plaintiffs, at the time made any inquiry as to the responsibility of Smith; nor whether they were acquainted with him or not. They, therefore, to entitle them to recover against the defendant, must depend upon the principles ordinarily connected with a contract of this kind.

This case can scarcely be considered as coming within the rules applicable to the responsibility of indorsers of notes of hand, and bills of exchange. The note had been long over due, when it was negotiated. A demand, therefore, upon the maker, when the note was at maturity, was out of the question. If the plaintiffs have any ground of claim, it must arise from considering the indorsement of the defendant, as in the nature of an original draft upon the maker for the amount due; and it has been held, that every indorsement of a bill or note is tantamount to a new draft. *Jones & al.* v. *Swan & al.* 17 Wend. 94. In such case the holder must give evidence of reasonable diligence to obtain payment of such new draft, and of notice in due season of non-payment to the drawer. In this case, there being no pretence of any such demand, nor indeed of any demand upon the maker or drawee, or of notice to the drawer, although such demand might have been unavailing, by reason of the utter insolvency of the drawee; yet, the authorities all concur in showing, that such insolvency of the drawee and maker of the note, forms no excuse for such a neglect. *Farnum* v. *Fowle*, 12 Mass. R. 89, and cases there cited.

From the evidence in the case the note appears to have been taken in payment for a precedent debt *pro tanto*; and the evidence reported furnishes no reason to conclude that it was

the intention of the parties, as contended on the part of the plaintiffs, to waive demand and notice.

*Nonsuit confirmed and judgment accordingly.*