## J. S. & W. P. LIBBEY *v.* PIERCE, JEWETT & Co.

A declaration with a special count against defendants as endorsers of a promissory note, and a count for money had and received, may be amended by a new count for money paid, the identity of the cause of action being preserved, it appearing that it was in controversy whether the note was paid, or purchased, by the plaintiffs.

If a motion for a nonsuit for want of notice is denied, and, the trial proceeding, a new case is made by the plaintiff, and the jury instructed that the evidence of notice was immaterial, a verdict will not be disturbed for refusing to order the nonsuit.

Where the plaintiffs purchased a promissory note after it became due, and the defendants, who were endorsers of the same note, were active in procuring the plaintiffs to buy it, and did not disclose to them that they were discharged for want of notice, it was held that their silence was equivalent to an affirmation that they were still liable as endorsers, and that they were estopped to set up a want of notice.

ASSUMPSIT. The first count was against the defendants as endorsers of a note payable in New York given by one Briggs to defendants, and by them endorsed to plaintiffs. The second count was for money had and received. Plea, the general issue. There was evidence tending to show that the note described in the first count was endorsed by defendants, and discounted for them by the F. & M. Bank in Rochester, N. H. ; that when it became due it was endorsed by the bank and sent to New York, where the maker resided, for collection ; that proper demand was made upon the maker, but the note was not paid ; that notices to all the endorsers, in proper form, were seasonably sent to the F. & M. Bank ; that plaintiffs, at the request of the defendants, paid the amount due on the note to the bank, and took the note.

After the pleadings were closed and the trial commenced, but before any evidence was offered, the plaintiffs were allowed to amend the declaration by adding a new count for money paid, and defendants excepted.

There was evidence tending to sustain the first count. No evidence was understood by the court to be offered or received as specially admissible under, or applicable to, the new count. Nothing was said about the new count after the amendment was allowed. Aside from what appears in this case reserved, the trial was conducted and the cause submitted to the jury as if the amendment had not been made. The verdict was for plaintiffs, but not upon any particular count.

Upon the question whether the defendants as endorsers were duly notified of the non-payment of the note, plaintiffs produced the deposition of one Sawyer, a clerk in the F. & M. Bank, who testified that the note was returned to the bank protested, on or about the 31st of December.

The third interrogatory and answer were as follows :

"Int. 3d. Please state what, if anything, you know about any notice being given to said Pierce, Jewett & Co., of the non-payment of said note ; what was the form of said notice, if in writing, when you obtained the same, and what you did with the same, and when. Please state all the particulars in your recollection about said notice.

Answer. [I have no doubt that notices of protest were duly received and that the first endorsers were duly notified of the non-payment of the

note. I distinctly remember sending notices of protest to Pierce, Jewett & Co., at Dover, N. H., at two different times, but cannot say positively that either of them related to the note in question.] Notices of the protest of any of our notes generally reached the bank one mail at least in advance of the protest itself. I think I should recollect the fact had we received the protest of the note prior to the receipt of the notices of such protest."

Defendants objected to the whole of the answer. The court ruled that the part included in brackets was admissible and that the rest was not—that plaintiffs might read to the jury the part enclosed in brackets, but not the rest unless defendants would withdraw their objection to the rest. Defendants did not withdraw their objection to the rest, plaintiffs read the part which the court held to be competent, and defendants excepted. Defendants claimed that the part excluded was necessary to explain and qualify the part admitted.

The court instructed the jury that if the first sentence of the part admitted was a statement of Sawyer's recollection concerning the two notes referred to in the second sentence, it was evidence which they might consider; but that, if it was the result of his reasoning and belief founded upon custom or the usual course of business, it was not evidence, and they should not consider it.

There was evidence tending to show that defendants had another note in the F. & M. Bank, to renew which the note in suit was given. There was no evidence tending to show that they ever had any other note in said bank than the two above mentioned.

Defendants moved for a nonsuit on the ground that there was no legal evidence that a notice of the non-payment of the note was sent to the defendants as endorsers. The court refused to order a nonsuit, and defendants excepted.

Subsequently the defendant Pierce testified that he had no recollection of receiving any notice, but could not swear that he did not receive any; that a month or two after the note matured, he and an agent of the bank who had the note in New York for collection, and plaintiffs and the officers of a railroad in whose behalf and for whose benefit the note had been given, were several days negotiating concerning the note; that he endeavored to get the railroad to pay it; that the final settlement was, that plaintiffs should take certain bonds which the railroad had given as collateral security for the note, pay the note, and discharge the endorsers and maker. J. S. Libbey, one of the plaintiffs, testified in reply, that, at the request of Pierce, he paid the amount due on the note, and took it and the bonds without any agreement or understanding that the endorsers or maker were to be discharged, or that the note was to be thereby paid.

The court instructed the jury, among other things, that, if they found the facts testified to by Pierce, the verdict should be for defendants; if they found the facts testified to by Libbey, the verdict should be for plaintiffs; and that, in either case, it would be immaterial whether notice of the dishonor of the note had been duly sent to defendants as endorsers.

*C. H. Bell*,. for plaintiff.

1. The statute is broad enough to permit the amendment. It did not introduce a new cause of action. Similar amendments have been allowed, as the insertion of a count for goods sold, where the original declaration was upon a note.

2. Sawyer's deposition was merely immaterial under the instructions of the court. It was, after the evidence was closed, of no importance whether the endorsers were notified or not.

3. As to the motion for nonsuit, if Sawyer had not used the word *"duly"* in his testimony, it is assumed that the defendants would not object to it. It is not claimed that the answer is conclusive on the legality of the notice, as the return of an officer would be ; it is only evidence from which the court could not say that the jury might not find under all the circumstances that legal notice was given.

4. If the endorsers procured the plaintiffs to pay the amount of the note after it became due, and said nothing on the subject of notice, they would be estopped from denying notice, and the plaintiffs could recover for money paid or upon a count against endorsers.

*Christie*, for defendants. ·

I. The well settled rule is that no amendment of a declaration is admissible, which introduces a new cause of action. The new count admitted in this case, we contend, did introduce a new and different cause of action from that set forth in the original writ, and was therefore inadmissible. The original declaration was founded upon the conditional and contingent liability, in law and by the custom of merchants, implied from and arising out of the endorsement of the note by the defendants. There was in it no statement of or allusion to any express or verbal contract or request. The new count was for money paid at the request of the defendants, and was without condition or contingency. Under this new count the testimony of James S. Libbey, "that he, at the request of Pierce, paid the amount of the note and took it and the bonds without any agreement or understanding that the endorsers or maker were to be thereby discharged," was admitted. Whether it was properly so admitted is perhaps questionable. This evidence was clearly not admissible under either of the original counts. It proves an express *verbal* contract entirely different from and unlike the one arising out of the endorsement of the note which alone was originally declared on.

II. That part of said Sawyer's deposition, which was admitted by the court, we submit, was not admissible and should not have been admitted, and this for two reasons. First, because it is the mere statement of the opinion or belief of the witness, and not the statement of any fact within his knowledge or recollection ; and the court should have so held, and not have submitted it to the jury as was done. The second objection to this evidence is, that it does not state any facts or fact tending to show when or how notice to the endorsers was given, but only

states his opinion and belief that due notice was given. Thus making the *witness* the judge of what constitutes due notice without affording the *court* or jury any means of judging from facts stated whether or not due notice had been given. It puts the witness in the place of the court and jury, and makes him the sole judge of what constitutes due notice in such case, and this, too, when he does not himself remember and cannot state the facts in relation to the notice.

III. The motion for a nonsuit, at the time it was made, should have been sustained. The plaintiffs then rested their case wholly on the endorsement of the note by the defendants, and the aforesaid testimony or opinion of said Sawyer that due notice of the dishonor of said note had been given to the defendants. If this testimony of said Sawyer was inadmissible, or was insufficient to prove due notice to the defendants of the dishonor of the note, the nonsuit should have been granted. And as to this we refer to our previous suggestions on this point.

IV. According to the testimony of Libbey, as reported by the judge, the plaintiffs *bought* the note and did *not pay* it. If so, their remedy was and is upon the note alone against the parties legally chargeable thereon as such ; and the defendants could be charged only as endorsers and not for money *paid* at their request, as the note was *not paid*. If so, then the charge of the court to the jury, as stated in the last paragraph of the case, as to the plaintiff's right to recover against the defendants without notice to them of the dishonor of the note, if they found the facts testified to by Libbey, was erroneous and injurious to the defendants.

BELLOWS, J. The first question is, whether the amended count was properly received. The original declaration was a special count against defendants as endorsers of a promissory note, with a count for money had and received ; and we are of the opinion that the identity of the original cause of action is preserved, notwithstanding the amended count for money paid. It is true, that, under the count for money paid, matters not connected with this note would ordinarily be admissible, but to guard against that a specification of this particular claim might properly have been required. The evidence offered by the plaintiffs, however, related only to that claim, and it was of such character as to leave it not quite clear whether the transaction was a purchase of the note, or a payment of it, at defendants' request. But it is manifest, that, upon either view, it was the same money that was sought to be recovered, the amended count being appropriate if the transaction was found to be a payment. In accordance with adjudged cases in this State, we think the amendment was rightly admitted. *Stevenson* v. *Mudgett*, 10 N. H. 338 ; *Burnham* v. *Spooner*, 10 N. H. 165 ; *Wiggin* v. *Veasey*, 43 N. H. 313.

Whether the motion for a nonsuit was improperly denied or not, it is not material now to inquire, because the defendants elected to proceed, and evidence was adduced afterwards which made a new case and ren-

dered the evidence of notice immaterial and the jury were so instructed. Under such circumstances the plaintiffs were entitled to have the case determined upon the evidence as it finally stood. If the defendants deemed the evidence insufficient, their proper course was to rest upon their exception to the ruling, but having elected to proceed to take their chances of a verdict, they must stand or fall upon the case as finally made. *Bowman* v. *Sanborn,* 25 N. H. 87 ; *Oakes* v. *Thornton,* 28 N. H. 44.

If any portion of the evidence was inadmissible, it was afterwards rendered immaterial by the instructions of the court, and we can see no ground to believe that it could have influenced the jury. *Hamblet* v. *Hamblet,* 6 N. H. 334 ; *Deerfield* v. *Northfield,* 10 N. H. 269 ; *Judge of Probate* v. *Stone,* 43 N. H. 593.

The remaining question is, whether there is error in the instructions to the jury, that if they found the facts to be as testified to by Libbey, their verdict should be for the plaintiffs.

In considering what his testimony was, we are to keep in view the facts which are not in controversy, and in connection with which his statements are made, and they are these : That the note in question was made by Briggs, but for the benefit and behalf of a certain railroad ; that it was endorsed by the payees, these defendants, and discounted for them by the F. & M. Bank of Rochester in this State, and, when due, sent to New York where it was payable, and proper demand made upon the maker, but the note was not paid ; that it was in controversy at the trial whether due notice had been given to the defendants ; that sometime after the note became due Pierce, one of the endorsers, an agent of the F. & M. Bank, who had the note with him for collection, the officers of the railroad, and the plaintiffs, were together in New York for some time negotiating concerning this note, the said Pierce endeavoring to get the railroad to pay it, and finally the plaintiffs paid the amount of the note and took it, with certain bonds which the railroad had given as collateral security.

So far there appears to be no controversy ; but at this point, the said Pierce and Libbey, one of the plaintiffs, separate ; Pierce testifying that the final settlement was that plaintiffs should take these bonds, pay the note and discharge the endorsers and maker ; while Libbey testified in reply that, at the request of Pierce, he paid the amount due on the note and took it, and the bonds also, without any agreement or understanding that the endorsers or maker were to be discharged, or that the note was to be thereby paid. The substance of this testimony of Libbey is, that at the defendants' request the plaintiffs bought the note in question, and paid the amount due, and received it with the bonds held as security, and this is the construction put upon his testimony by the counsel of both parties.

That being the case, the question is, whether the plaintiffs can recover in this suit without proving notice or a waiver of it. If we are to regard the statements of Libbey, as established by the verdict, it would appear in connection with the uncontroverted facts that the note was then overdue, and that plaintiffs purchased it with defendants' endorse-

ment upon it, and without any agreement or understanding that they were to be discharged, and purchased it at their request. It appears also, that the defendants were active in endeavoring to get the note paid, and in that way manifested an interest in it which may fairly be presumed to have arisen from their position as endorsers.

Under such circumstances we think that their request to buy the note without any statement that they were discharged for want of notice, would be equivalent to an affirmation that they were liable as endorsers, and they could not afterwards urge the want of notice as a defence.

Had they endorsed the note at that time, it would have stood upon the footing of a note payable on demand, and therefore a demand and notice in a reasonable time would have been necessary to charge them. *Dwight* v. *Emerson*, 2 N. H. 159; *Colt* v. *Barnard*, 18 Pick. 260, and cases cited; *Van Hœsen* v. *Van Alstyne*, 3 Wend. 75, and *Bishop* v. *Dexter*, 2 Conn. 419.

But in this case, the note was endorsed before it became due, and no new undertaking as endorsers was entered into by the defendants at that time; and the plaintiffs took the note with the right to understand, in the absence of any different representation, that the parties apparently liable had not been discharged by any laches of the holder, or otherwise.

The general principles applicable to this class of cases are well settled. They are these: "Where one by his words or conduct wilfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief, or to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time." *Pickard* v. *Lears*, 6 A. & E. 460; recognized in *Drew* v. *Kimball*, 43 N. H. 282, and cases cited; and upon this principle, if one stands by and sees his property sold to another, and is silent in respect to a claim which he knows he can set up, whereby the purchaser is misled, he will not be permitted afterwards to make such claim. *Wells* v. *Pierce*, 27 N. H. 503, and cases cited; and *Watson, Ex'r*, v. *McLaren*, 19 Wend. 557.

In these cases it will be perceived that the person to be estopped is supposed to be aware of the existence of his claim, or the falsity of his affirmation at the time he made it, and is therefore guilty of fraud; and in ordinary cases where such party has no interest in the transaction, but is merely applied to for his opinion, the *scienter* is necessary to charge him. *Odlin* v. *Gove*, 41 N. H. 465.

But if a party affirms either that which he knows to be false, or does not know to be true, to another's loss and his own gain, he is responsible in damages for the injury caused by such affirmation, for it is, both in morality and law, a falsehood. *Adamson* v. *Jarvis*, 4 Bingh. 60, where it was held that the *scienter* need not be averred or proved; and in *Lobdell* v. *Barker*, 1 Met. 193, the same doctrine is recognized.

In *Blodgett* v. *Webster*, 24 N. H. 91, where defendant delivered to plaintiff for the price of goods a note purporting to be signed by him, it was held that he was estopped to deny that it was signed by him, or by his authority.

In *Wells* v. *Pierce*, 27 N. H. 541, it was laid down as an estab-

lished principle of equity, that "if the owner, a claimant of property, actively persuades or encourages another person, who is ignorant of his right, to purchase the property, or any right or interest in it, he will not be permitted to claim the property or any right in it, against the purchaser, though he was not aware of his rights."

Among the numerous cases cited to this point are *Hunsdon* v. *Cheney*, 2 Vernon 150, and sundry American cases. And the same doctrine is fully recognized in *Davis* v. *Handy*, 37 N. H. 65, where a creditor was about to levy his execution upon the debtor's personal property, and a third person, the defendant, interfered and requested him to levy upon certain real estate, and agreed that he, the defendant, would himself redeem by paying the debt before the year expired, if the creditor would do so, which he did accordingly. It was held, Perley, C. J., that the defendant having actively encouraged this levy to be made, could not be permitted to set up a title in himself existing at the time he made the representations, even although he was not then aware of having such title, and holding that in this respect it differed from the case where the party merely stood by and was silent.

The case of *Lobdell* v. *Barker*, 1 Met. 193, before cited, was where the defendant, the holder of a note, fraudulently procured a minor to endorse it, to enable him to effect a sale of it, and afterwards, through his agent, sold it with such endorsement remaining, and without disclosing its invalidity. It was held that the sale in this way would be equivalent to an express affirmation that the endorser was liable, and that the defendant would be responsible for the injury caused by it, even if proved that before the sale he had repented of his intended fraud, upon the ground that he ought then to have erased the endorsement before offering it for sale.

The question then, is, whether the case before us comes within the principle established by the authorities just cited. The substance of the case would seem to be, that plaintiffs purchased the note, with the names of the defendants upon it as endorsers, after it became due, paying therefor the amount of it; and purchased it at the request of the defendants, who, at the time apparently in the character of endorsers, had been endeavoring to get the railroad to pay it. Had the case found that the defendants were silent upon the subject of the want of notice, it would have been clear, upon the principles stated, that defendants could not have set up that defence, and the question is, whether it is necessarily to be inferred from the testimony of Libbey that defendants said nothing about the want of notice. Neither Pierce nor Libbey say that the subject of notice was mentioned. Pierce says that plaintiffs were to pay the note, take the bonds and discharge the maker and endorsers; while Libbey says that at Pierce's request they paid the amount due on the note, and took it and the bonds, without any agreement or understanding that the endorsers and maker were to be discharged, or that the note was to be thereby paid.

Could this statement of Libbey's be true, and the jury still at liberty to find that Pierce claimed that the endorsers were discharged for want of notice? If they could properly so find, it ought to have been left to

them with proper instructions, and that might have been the better course. But upon the whole, assuming the truth of Libbey's statement, we think it may fairly be deemed to exclude the idea of a claim to be discharged by want of notice.

Should it be urged that the jury might have found upon the testimony of Libbey that the note was paid, (which, however, we cannot concede,) it would still be a payment at, the request of the defendants, and for which they would be liable. Libbey, however, states that there was no understanding or agreement that the note was to be thereby paid ; and upon the whole, we think, the jury could not properly have found, on that evidence, a payment of the note.

*Judgment on the verdict.*