## McKEWER v. KIRTLAND.

1. Promissory note: DEMAND AND NOTICE. A note indorsed after maturity will be treated as a note due on demand, and demand upon the maker and notice of non-payment to the indorser, within a reasonable time, is necessary in order to render the latter liable.

2. —— It seems that the reasonable time in such case would be the same as in case of a note indorsed before due, which is the next day after default, where the parties reside in the same town.

*Appeal from Jasper Circuit Court.*

THURSDAY, FEBRUARY 22.

THIS action was originally brought before a justice of the peace, and taken to the circuit court by appeal. It is based upon a promissory note, of which the following is a copy :

"PRAIRIE CITY, Nov. 15, 1868.

"Five months after date, I promise to pay to the order of Bartlett, Sheldon & DeWolf, $129.16, at ten per cent interest, value received, without any relief from valuation or appraisement laws.

"(Signed)       A. H. KIRTLAND."

The petition alleges that after the note became due, and on or about the 1st day of May, 1869, the payees thereof indorsed it to the order of J. W. Adams ; that afterward Adams indorsed the same to the plaintiff; and that due presentment for payment was made to the maker, and the indorsers immediately notified ; judgment is demanded against the maker and several indorsers.

Bartlett, Sheldon & DeWolf, the first indorsers, alone make defense. They admit their indorsement but deny that it was made after the maturity of the note ; deny the alleged demand and notice, and aver that the maker of the note has become insolvent, since they indorsed the same and that they have suffered injury through plaintiff's neg-

ligence in failing to give them notice of non-payment, etc. The cause was tried by the court, without a jury, and judgment rendered for plaintiff against Bartlett, Sheldon & DeWolf only, from which they appeal. The further facts appear in the opinion.

*J. W. Deweese* for the appellants.

*Williams & Clements* for the appellee.

MILLER, J. — There is some conflict in the evidence on the issue whether the note was negotiated by appellants before or after maturity. Adams, the first indorsee, testifies that the note was over due when he took it, while Bartlett, one of appellants, states that the indorsement was made on the 1st day of April, 1869, which was fifteen days before the maturity of the note.

In respect to the time of demand and notice, Adams testifies that on the same day he obtained the note from appellants he saw the maker and demanded payment, and saw him again a day or two afterward and told him he must raise the money, and he (the maker) then borrowed $60 and paid it on the note. He does not fix the precise time when he gave notice to the indorsers, but says, it was not a week after he got the note till he told Bartlett it was not paid.

It is shown by the evidence of the plaintiff that the note was indorsed by Adams to plaintiff May 17, 1869, thirty days after maturity. He also testifies that he saw the maker the same day, who stated that it was all right. He states that he demanded the money several times every week, and informed Adams several times that it was not paid. Kirtland, the maker, promised to pay in June. The witness also testifies of Bartlett having informed him that a notice had been served on him, Bartlett, but is unable to fix time or date. The witness testifies that he did not notify appellants of the demand on the maker,

that he never said any thing to them about it. Bartlett testifies that the first notice he had that the note was not paid was not less than two nor more than four weeks after he had indorsed it; that the first written notice he had of non-payment was a week or ten days after this action was brought; that he never had any notice that he was held liable on the note, and that, at the time he· indorsed the note, he was not a partner in the firm of Bartlett, Sheldon & DeWolf.

There is no evidence of any notice having been given at any time to either Sheldon or DeWolf, and the foregoing is substantially all the evidence touching the questions of demand and notice, and in respect to the times of making the respective indorsements.

Assuming, on the theory of the plaintiff, that the note was overdue when it was indorsed by the appellants, it still continued to be negotiable, and demand of payment and notice of default were necessary to charge the indorsers. *Dwight* v. *Emerson*, 2 N. H. 159 ; *Berry* v. *Robinson*, 9 Johns. 121 ; *Greely* v. *Hunt*, 21 Me. 455 ; *Kirkpatrick* v. *McCullough*, 3 Humph. 171 ; *Adams, Adm'r*, v. *Torbert*, 6 Ala. 865 ; *Baxter* v. *Little*, 6 Metc. 7 ; *Powers* v. *Nelson*, 19 Mo. 190 ; 1 Parsons on Notes and Bills, 262. It is true that the note did not retain its negotiable character after maturity, so that the holder took it discharged of prior equities between the original parties, but it was negotiable as a new ·bill.drawn at sight, or a note payable on demand, and requiring both demand and notice of default to charge the indorsers. See 1 Parsons on Notes and Bills, *supra ; Bishop* v. *Dexter*, 2 Conn. 419 ; *Colt* v. *Barnard*, 18 Pick. 260 ; *Branch Bank at Montgomery* v. *Gaffney*, 9 Ala. 153, 160 ; *Field* v. *Nickerson*, 13 Mass. 131 ; *Jones & Co.* v. *Middleton et al.*, 29 Iowa, 188.

The cases agree in holding that the indorsement of a negotiable note over due must be presented ·for payment in a reasonable time. See cases before cited. See, also, 1

Parsons on Notes and Bills, 382; *Sanborn* v. *Southard*, 25 Me. 409; *Benton* v. *Gibson*, 1 Hill (S. C.), 56; *Van Hosen* v. *Van Alstyne*, 3 Wend. 75. But they do not all agree in regard to what shall be considered a reasonable time. In 1 Parsons on Notes and Bills, the author says: "It is laid down by some authorities that the same strict rules are not to be applied as are required where a note has still time to run. But other authorities seem to place the two classes of cases on the same footing, and, says Mr. Parsons, "it is believed with better reason, for the law on the subject of reasonableness of time would seem to be of itself sufficiently difficult, without burdening it with unnecessary distinctions which can only serve to render it more difficult." See, also, *Bishop* v. *Dexter, supra; Kennen* v. *McRea*, 7 Porter (Ala.), 175; *Adams* v. *Torbert, supra; Branch Bank* v. *Gaffney, supra; Poole* v. *Tolleson*, 1 McCord, 199; *Course* v. *Shackleford*, 2 Nott & McCord, 283.

We do not, however, find it necessary to pass upon this point, for presuming in favor of the finding of the court below on points where there is a conflict of evidence, we take it for granted that it is proved, as testified to by the first indorsee, J. W. Adams, that on the same day he received the note he demanded payment of the maker. This demand was in time, the note being overdue when negotiated, but the evidence fails to show timely notice to the indorsers.

A note indorsed when over due is, by the best authorities, considered equivalent to a note or bill on demand. 1 Parsons on Notes and Bills, 381, and cases cited in note *g*, id. 519. And notice of demand and non-payment must be given to the indorser. Some cases have held that the holder has a reasonable time to give notice, and that this reasonable notice may be as long as two months. But the weight of authority and the better opinion is, that the notice of non-payment should be given as soon in the case of notes indorsed after due as of those indorsed before

maturity. The following cases hold that the same strict rule applies : *Lockwood* v. *Crawford*, 18 Conn. 361; *Berry* v. *Robinson, supra; Bishop* v. *Dexter, supra; Rice* v. *Wesson*, 11 Metc. 400 ; *Lord* v. *Chadbourne*, 8 Greenl. 198 ; *Perry* v. *Green*, 4 Harr. 61 ; *Nash* v. *Harrington*, 2 Aik. 9 ; *Brenzer* v. *Wightman*, 7 Watts & Serg. 264; *Course* v. *Shackleford, supra; Poole* v. *Tolleson, supra.* The same opinion is expressed in 1 Parsons on Notes and Bills, pp. 519, 520, and in *Field* v. *Nickerson*, 13 Mass. 131, it is held that to charge an indorser of a negotiable note, payable on demand, a demand of payment must be made in a reasonable time and immediate notice of default given. The holder then should have given notice to the indorsers within the same time after presentment as is required in case of a note indorsed before due, that is, immediate notice, which means at farthest the next day after default, where the parties reside in the same town. Story on Promissory Notes, § 320 ; Parsons on Notes and Bills, § 6, p. 526.

The only notice claimed to have been given in this case was oral notice to the indorsers. This has been held sufficient where it is made directly to the person entitled to notice, if given in time. *Merritt* v. *Woodbury et al.*, 14 Iowa, 299 ; Story on Promissory Notes, § 341. There is no evidence that any written notice was sent through the mail or otherwise to the indorsers, or any evidence tending to show that they and the holder resided in different towns, or to show that immediate notice could not, with reasonable diligence, have been given. The witness Adams, who was the first indorsee, testifies : " It was not a week after I got the note till I told Bartlett it was not paid. I told Bartlett several times the note had not been paid."

The burden of proving due notice is on the plaintiff. This evidence, which is the best given on the question of notice, does not show that timely notice was given. While

it may be true that the notice was given in less than a week after the transfer of the note, it may also be true that it was four days after presentment. The same witness swears that he presented the note for payment on the day he received it, but he does not state how many days afterward he notified the indorsers. He only says that it was not a week after. It cannot be presumed, in the absence of proof, that it was the next day. On the other hand, the evidence tends very strongly to show that it was not.

The judgment of the circuit court is

Reversed.