WALTER C. LANDON *vs.* JOHN F. BRYANT.

October Term, 1896.

Present: ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Endorsement of Overdue Note—Waiver of Demand and Notice.*

To charge the endorser of an overdue note, demand must be made and notice given as if the note became due on the day of the endorsement.

In such case, waiver of demand and notice cannot be inferred merely from the fact that the endorser understood the note was being bought to give the maker more time.

GENERAL AND SPECIAL ASSUMPSIT. Plea, the general issue with notice and payment. Trial by jury at the March Term, 1896, Rutland County, *Taft*, J., presiding. At the close of the plaintiff's testimony, the defendant rested and moved for a verdict in his favor, which was directed and judgment rendered thereon, and the plaintiff excepted.

The action was brought upon a promissory note dated April 9, 1889, signed by E. H. Davis, payable four months after date, to the order of the defendant. The note bore the endorsement of the defendant in blank.

May 16, 1890, the defendant sold and transferred the note to one S. P. Curtis, endorsing it as before stated, and

said Curtis afterwards sold and transferred the note to the plaintiff. The plaintiff introduced evidence which he claimed tended to show a waiver of demand and notice by the defendant at the time of the endorsement. The scope of such evidence is stated in the opinion.

*Horace W. Love* for the plaintiff.

The plaintiff was entitled to the most favorable inference which could have been drawn from his evidence. When the defendant sold the note to Curtis he waived demand and notice by tacitly agreeing to an extension of time. II Dan. Neg. Inst. § 1103, and cases there cited; *McMonigal* v. *Brown*, 45 Ohio St. 499 : 15 N. E. R. 860.

*G. E. Lawrence* for the defendant.

The note being overdue when endorsed, immediate demand and notice was necessary to hold the endorser. *Nash* v. *Harrington*, 2 Aik. 9.

The evidence had no tendency to show a waiver of demand and notice.

MUNSON, J. To charge the endorser of an overdue note, demand must be made and notice given as if the note became due on the day of the endorsement. *Nash* v. *Harrington*, 2 Aik. 9. The plaintiff conceded that this had not been done, and sought to hold the defendant on the ground of waiver. The court held there was no evidence tending to show a waiver; and this holding was correct. Giving the testimony the largest scope possible, its only tendency was to show that the defendant understood the note was being bought to give the maker more time. The jury could not be permitted to infer a waiver from the mere fact that the endorser had this understanding.

*Judgment affirmed.*