## JEWETT SANBORN *versus* EDWARD R. SOUTHARD.

Parol evidence of statements made by the indorser at the time of a blank indorsement of a promissory note, is not to be received to contradict or vary the legal contract implied by such indorsement; but such evidence is admissible for the purpose of showing a waiver of the necessity of making a demand or giving notice.

If a note is indorsed when overdue, a demand is sufficient, if made within a reasonable time after the indorsement.

ASSUMPSIT by Jewett, as indorsee, against Southard, as indorser, of a note given to the defendant by one Moore, payable on September 16, 1838. The note was indorsed by Southard, by writing his name only, on the last of January, or first of February, 1839.

The plaintiff, at the trial before CHANDLER, District Judge, offered the deposition of John S. Woodbury. This deposition was objected to by the defendant. The presiding Judge ruled, that so much of the deposition as went to prove a verbal waiver of demand and notice by the defendant, made at the time he indorsed the note; " that is to say, so much of it as included what the defendant said at that time, to wit: his promise to pay the note himself, if the holder did not get payment of said Moore, was inadmissible, and rejected it. Thereupon the plaintiff became nonsuit. To this ruling of the Court the plaintiff excepts." The deposition is not referred to in any other manner in the exceptions, and no other ruling was excepted to by the defendant. A copy of the deposition was annexed, by which it appeared, that " about or a little past the middle of March, next following the indorsement, the note was presented to Moore for payment, which was refused, and on the same day notice thereof was given to Southard.

*A. Sanborn*, for the plaintiff, said that the only question in this case, under the exceptions, was whether the testimony rejected was legally admissible. He relied on the case *Lane* v. *Steward*, 20 Maine R. 98, and cases there cited, to show that the ruling of the District Judge was clearly wrong.

*Cutting*, for the defendant, contended that the case cited

for the plaintiff did not apply to the present case. This case comes within the principle of *Davis* v. *Gowen*, 19 Maine R. .448, that " the agreement of the defendant must be understood to have been made with the implied reservation, that if the maker paid, he was not to be liable. He did not discharge the holder from the duty imposed upon him, to demand payment of the maker at the maturity of the note."

The question, whether a demand was seasonably made, is not before the Court. But if it were, after a delay of more than six weeks, it is too late to make a legal demand and give notice.

The opinion of the Court was drawn up by

SHEPLEY J. — This is a suit by the indorsee against the indorser of a negotiable promissory note, made on September 16, 1837, by Robert Moore, for the sum of one hundred and fifteen dollars, payable to the defendant in one year after date, with interest, and indorsed by him. The witness states in his deposition, that the defendant indorsed and delivered the note to him the last of January or first of February, after it became payable; and that at the same time, he promised that he would pay it himself, if he did not get payment of Moore. The presiding Judge excluded the testimony to prove that promise. Testimony to contradict or vary the legal contract, implied by a blank indorsement, is not to be received. Testimony of the description offered in this case has not been regarded as of that character; but as evidence only of a waiver of the performance of the demand or duty required by the law. *Lane* v. *Steward*, 20 Maine R. 98. The witness states, that he made a demand for payment of the maker, a little past the middle of the month of March following, and on the same day gave notice thereof to the defendant. The indorsement having been made after the note was overdue, the demand would have been sufficient, if made within a reasonable time after the indorsement. The case does not present sufficient facts to enable the Court to determine, that the holder delayed the presentment for payment for an unreasonable time.

*Exception sustained and a new trial granted.*