## Mary Fullerton *versus* Oakes Rundlett.

Where a note then payable, having thereon a blank indorsement by the payee, was received of him by the holder, with the understanding, of which the indorser was perfectly conusant, that demand on the maker and notice to the indorser were not intended to form a condition upon which alone the latter should become liable, — *it was held*, that demand and notice were thereby waived by the indorser.

Evidence of the declarations of the indorser as to the contract, prior to the indorsement of the note and in reference to it, tending to show the terms upon which the note was received, and especially when connected with subsequent conduct and declarations having the same tendency, is admissible.

THE suit was brought against the defendant, as indorser of a note, made by Cyrus Chapman to him, dated January 12, 1844, for $414, payable on demand with interest.

After all the evidence had been introduced, the parties agreed, that if the Court should be of opinion, that the evidence was sufficient in law to sustain the plaintiff's action, the defendant was to be defaulted; and if not, the plaintiff was to become nonsuit.

The defendant, at the trial, objected to the admission of any testimony respecting conversations about the note, unless at the time of making the contract.

The facts considered by the Court to be proved, appear in the opinion of the Court.

*Ruggles,* for the plaintiff, contended, that the plaintiff was entitled to recover against the defendant as indorser. The conversation before and after the indorsement show a waiver of demand and notice.

The defendant is also liable as guarantor. The blank indorsement may be filled up in any way to carry the intention of the parties into effect. 24 Maine R. 177; 3 Mass. R. 274; 11 Mass. R. 436; 9 Mass. R. 314; 4 Pick. 385.

*Rundlett,* for the defendant, said that the defendant, by his blank indorsement, rendered himself only conditionally liable, on due demand and notice. Neither demand was made, nor notice given. Nor have they been waived. It is admitted, that by the decisions a waiver may be proved by parol. But it is contended, that when an indorser is discharged by laches of the holder, a subsequent promise of the indorser to pay the note, will not operate as a waiver, unless made with a knowledge of the facts and circumstances which operate to exonerate him. 1 Cowen, 397; 5 Johns. R. 248 and 375; 8 Johns. R. 299; 12 Johns. R. 423; 12 Mass. R. 52. There is a material distinction between these cases and the case of *Fuller* v. *McDonald,* 8 Greenl. 213, and several other cases in this State and Massachusetts, in this, that in the latter class of cases the promises were made at the time of the indorsement, to waive his legal rights, and not after he was discharged by the neglect of the other party, as in the present case. The testimony was here examined, and it was insisted, that no new consideration was even pretended; that it was manifest, that

the defendant did not know, that he was not liable by law; and that no waiver was proved. *May* v. *Coffin*, 4 Mass. R. 341.

The conversation on the tenth of January, before the day on which the indorsement was made, ought not to be admitted for any purpose. It could have no proper influence upon the contract entered into at a subsequent day, when the indorsement in blank was made. But this conversation, if admissible, did not amount to a contract of any kind, and no action could have been supported in consequence of it by either party against the other. If a contract could have been inferred from it, it was but a conditional one, to pay, if Chapman did not. The plaintiff delayed to collect of Chapman for nine months, when he could have paid, and until he died insolvent. This discharged the defendant from any liability. *Lord* v. *Chadbourne*, 8 Maine R. 198.

The opinion of the Court was by

WHITMAN C. J. — It does not seem to be reasonable to doubt, that the note in question was made, and intended to be, in pursuance of the previous agreement, testified to by the witness, Charles Cargill. The defendant, on the 10th of January, 1844, called upon the witness, and accompanied him to the plaintiff's house, his object being to obtain a loan of money ; and proposed to her to obtain a note signed by one Chapman, for the amount wanted, and to become absolutely bound with him for the repayment of the amount to be loaned. The plaintiff then, in the presence of the defendant, applied to the witness to ascertain, if that would be sufficient security, and, on being informed that it would, she assented to the proposition ; and thereupon the defendant left, saying he should procure the note soon. In two days afterwards he procured the note in suit, and delivered it to her, with his name in blank upon it. The defendant must have seen, that the plaintiff understood, from the advice she had received in his presence, that the defendant was to be absolutely holden for its payment. The note was made payable on demand ; yet he requested she should give the maker time

in which to pay it, assigning as a reason, that he had further demands against him ; meaning, no doubt, that to press him for payment immediately would diminish his ability to pay any more than the amount of the note : from all which he must have known that the plaintiff understood, that she was not to take the usual steps to charge him as an indorser, merely, of a negotiable piece of paper : and his subsequent conduct was in accordance with such a supposition ; for on being applied to, after the death of Chapman, and the known insolvency of his estate, and when he knew that he had not been notified of any demand and refusal of the maker to make payment, he recognized his liability by remarking that, whether liable or not, he would pay whatever Chapman's estate should fail to pay.

We can have no doubt that the evidence of the contract, previous to the making of the note, and in reference to it, was regularly admissible as tending to show the terms upon which the note was received, and especially when connected with the subsequent conduct and declarations of the defendant. On the whole, when all the evidence is considered together, we think the conclusion is irresistable, that the note was received by the plaintiff with the understanding, of which the defendant was perfectly conusant, that demand on the maker, and notice to defendant of non-payment, were not intended to form a condition upon which alone the latter should become liable.

*Defendant defaulted.*