## ELISHA KEYES *versus* JOSEPH WINTER.

A waiver of demand and notice may be proved by parol, or may be inferred from acts and circumstances, in an action against the indorser of a negotiable promissory note.

Defendant, applying to the plaintiff for a loan of money, was informed by the latter that, if he would get, and indorse in blank, defendant's brother's note, and give his word upon honor that, if his brother did not pay it he would, he would loan him the money. Defendant replied that he was willing to give his word, and that he expected to be holden, if he got the money; adding, that he desired the plaintiff to wait as long as he could for his pay, and, if his brother did not pay, he (defendant) would. In an action upon such a note, given the next day; — *Held*, that there was a waiver of demand and notice.

ON REPORT.

ASSUMPSIT against the defendant as indorser of a negotiable promissory note, dated August 25, 1856, given by the defendant's brother Elisha to the defendant for labor, and by the defendant indorsed in blank, and payable on demand.

The writ bore date September 16, 1865. The defence was (1,) statute of limitations; and (2,) want of demand and notice.

It appeared from the report that the defendant was absent from the State, "out west," from the date of the note to November, 1858, and that he served in the 6th Maine Battery, in Virginia, from Feb., 1863, to June 17, 1865.

The plaintiff testified : — " I know the defendant and his brother Elisha well. In August, 1856, defendant came to me and wanted to hire some money with which to go out west. Said he had been at work for his brother Elisha, who could not pay him. I told him I could let him have $130, for a spell. He asked me what security he could give me for the money. I told him if he would get his, Elisha's, note for what he owed him, and put his name to the back of it, and leave it with me, and give his word upon honor that, if Elisha did not pay it he would, I would let him have it. He

said, 'I am willing to give my word, and I expect to be holden for the money if I get it.' He said, 'if I leave my brother's note with you, I want you should agree to wait on him and not sue him at present. Elisha thinks he will pay the interest as it becomes due, and I want you to indorse it on the note and that will cancel so much of the interest on the money I have of you.' He asked me how long I could wait. I told him a year or two, perhaps more. He then asked me if I would agree to wait three years. I told him I would not. He then said, ' well, wait as long as you can, and if my brother does not pay you, I will.' He came down next morning, left the note, and took the money."

After the testimony was all in, the case was withdrawn from the jury to be submitted to the full Court, with jury powers, the Court to render such judgment as the law and evidence required.

*E. T. Luce*, for the plaintiff, —

Upon the question of the Statute of Limitations, cited R. S., c. 81, § 114; Public Laws of 1862, c. 106, § 4. Upon waiving demand and notice, 2 Greenl. on Ev., § 190; *Ticonic Bank* v. *Johnson*, 21 Maine, 426; *Fullerton* v. *Rundlett*, 27 Maine, 31; *Fuller* v. *McDonald*, 8 Maine, 213; *Sturtevant* v. *Randall*, 53 Maine, 149; *Smith* v. *Morrill*, 54 Maine, 48; *Boyd* v. *Cleveland*, 4 Pick., 525.

*Bolster & Richardson*, for the defendant, —

Cited *Field* v. *Nickerson*, 13 Mass., 131; *Sylvester* v. *Crapo*, 15 Pick., 92; *Wyman* v. *Adams*, 12 Cush., 210; *Barker* v. *Tuttle*, 44 Maine, 459; *Stevens* v. *Bruce*, 21 Pick., 193; *Gorton* v. *Dallheim*, 6 Greenl., 476; *Barry* v. *Morse*, 3 N. H., 132.

KENT, J., — This action is not barred by the statute of limitations. After deducting the time of the absence of the defendant from the State, after the cause of action accrued against him, we find that the term during which the statute ran is less than six years. R. S.. c. 81, § 114.

Keyes *v.* Winter.

It is also clear that no demand and notice was given *in fact*, so as to charge the indorser. The only question is whether there was a waiver of such demand and notice by the defendant. The evidence on that point is, that the defendant applied to the plaintiff for a loan of money; that he first offered the note of his brother Elisha Winter, but the plaintiff declined it, as he did not consider his brother in a condition to pay it. Defendant then asked plaintiff what security he must give him. Plaintiff replied, that if he would get his brother's note for what he owed him, and put his name to the back of it, and leave it with him, and give his word upon honor, that if his brother did not pay it he would, he would let him have it. Defendant said he was willing to give his word, and said, "I expect to be holden for the money, if I get it." Defendant then requested the plaintiff, if he took the note proposed, that he should agree to wait on him, and not sue him at present; saying that his brother would probably pay the interest. The plaintiff said he could wait a year or two, and perhaps more, but would not agree to wait three years. Defendant then said, "well, then, wait as long as you can, and, if my brother does not pay you, I will."

The note in suit was delivered on this agreement, and the money paid by the plaintiff to the defendant.

It is now too well settled to be questioned, that a waiver of demand and notice may be proved by parol, or may be inferred from acts and circumstances. According to numerous cases in this State and Massachusetts, the facts in this case clearly make out such a waiver. Indeed, many of the cases present a state of facts much less conclusive and imperative than those before us. *Fuller* v. *McDonald*, 8 Maine, 213; *Lane* v. *Stewart*, 20 Maine, 98; *Fullerton* v. *Randlett*, 27 Maine, 31; *Boyd* v. *Cleaveland*, 4 Pick., 524; *Taunton Bank* v. *Richardson*, 5 Pick., 436.

The defendant contends that there has been such delay and neglect and laches, that the plaintiff should be estopped from recovering. This would be the result, doubtless, if

demand and notice were required to be proved.   But they have been waived, and the case stands relieved of the requirement.   In such a state of the case, there can be no neglect or laches, in not doing what is not required.   The defendant borrowed the plaintiff's money and agreed to be holden to pay, without action on the part of the lender.   It was his duty to see that the note was paid, — and, if there is any *laches*, it is in his neglect to do what both law and justice required him to do.

*Judgment for plaintiff*
*for amount of note and interest.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.