W. H. TAILER ET AL., Respondents, v. M. J. MURPHY FURNISHING GOODS COMPANY ET AL.; JESSE ARNOT, Appellant.

St. Louis Court of Appeals, February 1, 1887.

1. NEGOTIABLE INSTRUMENTS—DEMAND AND NOTICE—WAIVER.—An endorser of negotiable paper, who, by his acts, justifies the holder in believing that demand and notice are unnecessary, will be held to have waived such demand and notice.

2. EVIDENCE—INFERENCE — PRACTICE.—If, from the circumstances surrounding a given transaction, a presumption arises, in the usual course of business, of the existence of another fact, the latter fact

is fairly inferable, and a judgment based on such inference will not be vacated on the sole ground that it is not supported by substantial evidence.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Affirmed.*

FISHER & ROWELL, for the appellant: The court, in its instructions and facts found, gave judgment against the defendant upon the sole ground that the defendant knew at the time the renewal note was given that it was to be used for the purpose of extending the note sued upon, and there is no evidence to sustain that finding. *Schulte v. Railroad*, 5 Mo. App. 578; *Welch v. McAllister*, 13 Mo. App. 89; *Robert v. Stirling*, 4 Mo. App. 593; *Schenk v. Sauter*, 73 Mo. 46; *Powell v. Railroad*, 76 Mo. 80; *Ellis v. Bray*, 79 Mo. 227.

MILLS & FLITCRAFT, for the respondents: Any act, course of conduct, or language of the drawer or endorser, calculated to induce the holder not to make demand or protest, or to give notice, will dispense with the necessity of taking these steps. *Bank v. Wray*, 4 Strobh. Law, 87; *Thornton v. Wynn*, 12 Wheat. 184; *Lary v. Young*, 13 Ark. 401; *Leffingwell v. White*, 1 Johns. Cas. 99; *Marshall v. Mitchell*, 35 Mo. 221. Any act of the endorser calculated to put the holder off his guard and to prevent him from treating the note as he otherwise would have done, constitutes a waiver. *Yaeger v. Farwell*, 13 Wall. 12; *Boyd v. Bank*, 32 Ohio St. 526; *Moyer's Appeal*, 87 Pa. St. 129; *Bank v. Ryerson*, 23 Iowa, 508; 1 Parsons N. & B. 582, 594.

ROMBAUER, J., delivered the opinion of the court.

This is a suit against the defendant, Arnot, as endorser of two promissory notes, made by the M. J. Murphy Furnishing Goods Company. The petition contains two counts, and judgment was rendered against

him on both.   There is no controversy concerning the first count, but the defendant, Arnot, contends that there was no substantial evidence to charge him on the second count, and that the court should have so declared, and hence his appeal.

The petition did not allege that the note was presented for payment, or that the defendant had notice of its dishonor, but it averred facts, which if true, amounted to a waiver of such demand and notice, which facts were denied by answer.

The cause was tried by the court sitting as a jury, and the court, instead of submitting to itself the facts in a hypothetical form, as is customary in such cases, did substantially the same thing, by making a detailed finding of facts, and declaring the legal effect of the facts so found.   This finding and declaration of law based thereon, bring the controverted points fully before us, and are in the following form :

"The court, sitting as a jury, finds the facts respecting the second count of the petition to be as follows, to-wit :

"That prior to the maturity of the note sued upon in the second count, the defendant, Arnot, endorsed another note made by his co-defendant, payable to its order, in the sum of $594.98.   That said note for $594.98, was forwarded to the plaintiffs by the M. J. Murphy Furnishing Goods Company, together with a check for the sum of two hundred dollars, with the request that such note and check be taken and accepted to retire the note in suit.   That the plaintiffs received said note and check, prior to the maturity of the note in suit, and upon the receipt thereof, determined to accept the same in discharge of the note in suit, and for that reason did not cause the note in suit to be protested at its maturity.   That, subsequently, the plaintiff discovered that said note for $594.98 was not endorsed by the defendant, to whose order the same was made payable, and, therefore, the plaintiff caused the said note to be

returned to the M. J. Murphy Furnishing Goods Company, with the request that said note be properly endorsed and returned to them.   That said Furnishing Goods Company received said note, but did not cause the same to be endorsed, and have never returned the same to the plaintiff.   *That the defendant, Arnot, when he endorsed said note for $594.98, was aware of the use thereof intended to be made, and that was in fact made, by his co-defendant, and assented thereto.*   That the plaintiffs did not discover the defect in the endorsement of said note for $594.98 until after the note in suit was over-due, nor until on or about July 18, 1885, when said note was returned to have the said endorsement executed."

On the facts above found the court declares, as a matter of law, that the defendant, Arnot, waived demand of payment and notice of non-payment of the note in suit, and is liable thereon to these plaintiffs.

It must be conceded, both on principle and authority, that if there was substantial evidence to warrant the court's finding of facts as above, its declaration of law based on such finding was proper, because in such event the acts of the defendant, Arnot, were a sufficient waiver of presentment and notice.   Daniels on Neg. Instr., sect. 1103; *Grove v. Vining*, 7 Met. 212; *Leary v. Miller*, 61 N. Y. 489.

The defendant concedes that there was substantial evidence to establish all the facts found by the court, with the exception of that part of the finding put in italics above, but maintains that that part of the finding is not supported by any evidence whatever.   On the other hand, the plaintiffs concede that the part of the finding thus questioned is not supported by any direct evidence, but contends that it lies within the range of a legitimate inference, from all the surrounding circumstances.   Whether this claim of the plaintiffs is borne out by the facts, is substantially the only controversy between the parties.

It is often difficult to draw the exact boundary line between legitimate inference and bare conjecture ; the former is always admissible to establish a fact, while the latter must always be rejected.

A careful writer states the rule thus : " All the surrounding facts of a transaction may be submitted to a jury, provided they can be established by competent means sanctioned by the law, and afford any fair presumption or inference, as to the question in dispute, for so frequent is the failure in evidence from accident or design, and so great is the temptation to the concealment of truth, and misrepresentation of facts, that no competent means of ascertaining the truth can or ought to be neglected, by which an individual would be governed, and on which he would act, with a view to his own concerns in ordinary life." Starkie on Evid. 79. Perhaps no better illustration can be found to show the extent to which this rule has been carried, than that the payment of a claim may be inferred from the course of dealing between the parties, or from the lapse of time alone. *Evans v. Burch*, 3 Camp. 10.

Now in this case there was *prima facie* evidence tending to show that the defendant corporation was a trading corporation, and that Murphy and Arnot were the only members substantially interested in its business. That the former, who was president and manager of the corporation, was the son-in-law of the latter. That Arnot was constantly endorsing for the corporation, and the note sued on was already a renewal of a former note, containing also Arnot's endorsement. That shortly after this transaction the corporation failed in business, and at the date of its failure gave to Arnot some accounts to save him harmless from liabilities incurred on account of the corporation. That when the note offered in renewal was not returned to the plaintiffs, their attorney called upon Arnot and requested him to place the plaintiffs in the same position as they would have been if the note had been returned to them,

by endorsing a new note for the same amount, to which Arnot simply answered : "I will say nothing until I see and talk with Mr. Murphy." That the plaintiffs are non-residents, and all transactions between them on the one hand, and the corporation on the other, were carried on by correspondence, and that it was not in their power to produce any other evidence of Arnot's knowledge, for what purpose the renewal note was to be used, except inferential evidence arising from all the surrounding circumstances.

Taking all these facts into consideration, we think that the presumptions legitimately arising from them warranted the court to infer that Arnot knew for what purposes the new note was to be used.

While the record does not affirmatively disclose that Arnot was present in court when the case was tried, it does not negative that fact. He is, as the record shows, a resident defendant, and the only substantial defendant. The facts were peculiarly within his knowledge. If the plaintiffs' evidence made out a sufficient *prima facie* case of his knowledge as we find it did, and he desired to rebut it, it was his duty to speak, and the court was warranted to draw a further inference from his silence.

We do not consider the inquiry important, whether or not Arnot was, at the date of this transaction, a director of the corporation, and, therefore, it is not essential to decide whether oral testimony, tending to show that he was such director, was properly admitted. When the question arises collaterally, merely, whether one was an agent or officer of a corporation, evidence that he acted as such has been admitted as *prima facie* evidence of the fact. The testimony in this case was not material either way, and its admission could not have prejudiced the defendant.

The judgment is affirmed. All the judges concur.