Morris v. Birmingham National Bank.]

# Morris *v.* Birmingham National Bank.

*Action on Promissory Note, by Indorsee-against Indorser.*

1. *Competency of maker of note as witness against administrator of deceased payee and indorser.*—In an action by an indorsee against the personal representative of the deceased payee and indorser of a promissory note, the maker is a competent witness for the plaintiff to prove that the note was made for the accommodation of the payee.

2. *Liability of indorser; excuse for failure to present and give notice of non-payment.*—When a note payable in bank is made for the accommodation of the payee, he is not discharged from liability by the failure of the holder to demand payment of the maker at maturity, and to give notice of the non-payment of the note.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This action was brought by the Birmingham National Bank, against Mrs. B. C. Morris as the administratrix of the estate of B. C. Scott, deceased, who was her former husband; and was commenced on the 22d March, 1890. The third count of the complaint, on which a recovery was had by the plaintiff, was founded on a promissory note for $2,000, executed by John W. Read, payable to said B. C. Scott, and by him indorsed to the plaintiff; the note being dated October 26th, 1887, and payable at said bank on the 26th January, 1888. The defense to this count was, that the plaintiff failed to present the note to Read for payment at maturity, and to give notice of non-

[Morris v. Birmingham National Bank.]

payment to the indorser. The failure to present the note to Read for payment was admitted, but it was shown that defendant's intestate died before the maturity of the note; and a witness for plaintiff, an officer of the bank, testified that he presented the note to the defendant after her appointment as administratrix, and that she then promised to pay it. The plaintiff took the deposition of said Read on interrogatories, who testified, in substance, that he was the president of the bank at the time the note was executed and discounted, and that it was executed for the accommodation of said B. C. Scott, though the proceeds were applied to his credit as treasurer of the Herald Publishing Company, Scott being indebted to him at the time; and he further testified that he had no interest in the bank at the time his deposition was taken. The defendant objected to the competency of this witness, on the ground of interest, and also to each statement in reference to transactions between him and said Scott; and he excepted to the overruling of these objections. The court charged the jury, on request, that they must find for the plaintiff under the third count, if they believed the evidence; to which charge the defendant excepted. The charge given, and the rulings on evidence, are now assigned as error.

R. H. PEARSON, for appellant.

MOUNTJOY & TOMLINSON, contra.

CLOPTON, J.—The note sued on was made by John W. Read, payable to B. C. Scott, defendant's intestate, at the Birmingham National Bank, and by him indorsed to the bank. It being admitted that payment of the note was not demanded of the maker, and that due and legal notice of its dishonor was not given, so as to charge the indorser, it devolved on plaintiff to show a sufficient excuse for failure to give the notice. For this purpose the depositions of Read, the maker, were introduced to prove that the note was made for the accommodation of Scott, the indorser. Defendant objected to the competency of the witness to testify as to any transaction with Scott, who was deceased.

The statute removing the disability of parties and persons interested in the result of the suit, as witnesses, contains an exception, "that neither party shall be allowed to testify against the other, as to any transaction with, or statement by any deceased person, whose estate is interested in the result of the suit or proceeding, or when such deceased person, at the time of such transaction or statement, acted in any repre-

sentative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced, unless called to testify thereto by the opposite party."—Code, § 2760. The exception, it has been said, refers rather to the objects than the parties to the suit. Under the exception, the person need not be a party; it is sufficient that his estate is interested in the result of the suit, or that he acted in a representative or fiduciary relation to a party to the suit. But, as to the persons who are not allowed to testify to any transaction with, or statement by a deceased person, the exception is confined to parties to the suit, and to those standing to them in the relation of beneficiaries. In *Daily v. Daily*, 66 Ala. 266, section 3058 of the Code of 1876, which corresponds with section 2765 of Code of 1886, was construed in this respect. It is said: "The exception to the rule of competency is limited to parties to the suit. We have so interpreted this language as to make it embrace beneficiaries, directly interested in the result of the suit, although not named on the record; but we have gone no further." Read, not being a party to the suit, nor a beneficiary, was competent to testify.

The material question is, whether the indorser of a note, made for his accommodation, is discharged from liability on his indorsement by the failure of the holder to demand payment of the maker, and to give the indorser notice of the non-payment of the note. To this question a negative answer must be given, on principle and authority. To the general rule, requiring such notice, there are well recognized exceptions. In its application to bills of exchange, the failure to give notice will be excused as to the drawer, where he has no funds in the hands of the drawee, and no reasonable ground to expect that his bill will be honored. The reason on which this exception rests, exists where a note is made for the accommodation of the indorser, for the purpose of raising money for his benefit, by discount or otherwise, he being the real debtor, and primarily bound for its ultimate payment. In such case, notice can amount to nothing, there being no party against whom he can have recourse upon paying the note, and no possibility that he can be injured by the failure to give notice. He, like the drawer of a bill in such case, is without funds, and has no right to expect the maker to pay the note.—*French v. Bank of Columbia*, 4 Cr. 141; *Keys v. Winter*, 54 Me. 399; 2 Daniel on Neg. Instruments, § 1085; Tied. on Com. Paper, § 355. It being shown by the testimony of Read, without contradiction, that the note sued on was made for the accommodation of Scott, notice of its dishonor was not requisite to charge the indorser.

[Alabama Great Southern Railroad Co. v. Hill.]

It is unnecessary to consider whether the promise of the administratrix after maturity to pay the note was a waiver of notice.

Affirmed.