JOHN BAUMEISTER, PLAINTIFF IN ERROR, v. PETER KUNTZ, DEFENDANT IN ERROR.

1. Prior to the enactment of the Negotiable Instruments Law, Chapter 4524, Acts of 1897, this court held that when a party who is neither the maker nor the payee of a promissory note, for the purpose of enabling the maker to raise money on it, and before the note passes to the payee, endorses the note in blank, he thereby became liable as one of the makers of the note.

2. The Negotiable Instruments Law, Chapter 4524, Acts of 1897, in terms provides that when a person not otherwise a party to a negotiable instrument places thereon his signature in blank before delivery his status is fixed as that of an endorser.

3. Where the statute fixes the status of a party to a negotiable instrument as being that of an endorser, parol evidence is not admissible to vary such status.

4. Under the Negotiable Instruments Law an endorser of a negotiable promissory note is not liable therefor if

due presentment is not made to the maker for payment and notice of dishonor is not given, unless such presentment and notice are excused, dispensed with or waived. The right of an endorser of a negotiable promissory note to have due presentment and notice before liability attaches to him thereon, is given by law for the benefit of the endorser, and, under the terms of the statute, such presentment or notice may be expressly or impliedly waived.

5. Waiver of presentment for payment may be implied from the conduct of an endorser of a negotiable promissory note. If presentment for payment be waived notice of dishonor is dispensed with.

6. When an action is brought by the payee against an endorser who has endorsed in blank before delivery promissory notes payable one day after date with interest from date, for the purpose of giving credit to the maker of the notes, evidence of contemporaneous facts and circumstances, constituting the course of action of the parties at the time of the transaction, may be shown in evidence in order to ascertain whether or not presentment for payment has been waived.

7. In an action brought by the payee against the endorser before delivery of promissory notes where the defendant testified that he did not expect, and, under the circumstances testified to by him, he had no right to expect presentment for payment of such notes to be made at maturity, a waiver of presentment is shown, and a failure to make presentment for payment at maturity will not bar the right of the payee to recover from such endorser.

This case was decided by Division A.

Writ of error to the Circuit Court for Escambia county.

The facts in the case are stated in the opinion of the court.

*Maxwell & Reeves,* for Plaintiff in Error;

*Blount & Blount, for* Defendant in Error.

WHITFIELD, J.: On January 18th, 1906, the defendant in error filed a declaration containing several counts in the circuit court for Escambia county, one of which counts as amended is as follows: "The Molino Lumber and Brick Company on June 6, 1902, made its promissory note for the sum of one thousand dollars payable to the order of the plaintiff one day after date with interest from date until paid, and the defendant for the purpose of giving credit to the said maker and of procuring the plaintiff to lend to the said maker the said sum of one thousand dollars did before the delivery of the said note by the maker to the plaintiff endorse the same and the said maker did thereafter deliver the same to the plaintiff, who thereupon paid to it the said sum of one thousand dollars; that at and before the time of said endorsement it was agreed between the maker of said note and the plaintiff that the said note should not be presented for payment on the day after its date, but that it should be paid by the maker in installments from time to time after maturity and that the defendant at the time of the said endorsement knew of and assented to such agreement; that long after the maturity of said note and before the bringing of this suit the defendant acknowledged his liability arising from his said endorsement of said note and that before and after the maturity of said note the defendant

waived the presentment thereof to the maker for payment."

There are six other counts containing similar allegations upon other notes of different dates, the declaration concluding as follows: "That although the maturity of the said notes has long since passed, yet, neither the said maker thereof, nor anyone else has paid the said notes, or any one of them, or any part thereof, or any interest thereon, except the sum of eight hundred and thirty-one & 66-100 ($831.66) dollars paid upon the interest, and the sum of twenty-three hundred ($2300.00) dollars paid on February 7, 1905, to the damage of the plaintiff of twelve thousand ($12,000.00) dollars."

Copies of seven notes, all similarly worded, were filed with the declaration, one of which is as follows:

"1000.00                    Pine Barren, Fla., June 6, 1902.

One day after date we promise to pay to the order of Peter Kuntz one thousand dollars with interest at 6 per cent. from date.

Value received.    Molino Lumber & Brick Company,
                    Pr. Frank Johnson, Prest.

No. 1. Due June 7, 1902.

Endorsements: Frank Johnson, Fred Johnson, Jno. Baumeister."

The defendant to all counts as amended filed two pleas as follows: "1. That the defendant has never waived presentment of any of the notes herein sued upon.

2. That the defendant placed his name on the back of the notes sued upon as a regular indorser, and thereby undertook and agreed that if when duly presented the said notes were not paid by the maker, that the defendant would, upon due and reasonable notice given to him of the dishonor, pay the same to the plaintiff or his indorsee;

that the defendant has never at any time waived present-ment of any of said notes, yet none of the said notes has ever been presented to the maker for payment."

The plaintiff filed a replication that each and every one of said pleas is untrue.

At the trial verdict and judgment were rendered for the plaintiff in the sum of $6,421.84.

A motion for a new trial having been overruled the defendant brought writ of error. Twenty-three errors are assigned and all that are essential to the disposition of the writ of error will be considered.

Prior to the enactment of the Negotiable Instruments Law, Chapter 4524, Acts of 1897, this court held that when a party who is neither the maker nor the payee of a promissory note, for the purpose of enabling the maker to raise money on it, and before the note passes to the payee, endorses said note in blank (by simply writing his name on the back or any other part of the note,) he thereby became liable as one of the makers of the note. Melton v. Brown, 25 Fla. 461, 6 South. Rep. 211; McCallum v. Driggs, 35 Fla. 277, 17 South. Rep. 407; Camp v. First Nat. Bk., 44 Fla. 497, 33 South. Rep. 241, 103 Am. St. Rep. 173.

The following provisions are contained in the Negotiable Instruments Law, Chapter 4524, Acts of 1897: A negotiable promissory note is an unconditional promise in writing made by one person to another signed by the maker and engaging to pay on demand or at a fixed or determinable future time, a sum certain in money to order or to bearer. Section 184. The sum payable is a sum certain, although it is to be paid with interest. Section 2. Where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional de-

Baumeister v. Kuntz—Opinion of Court.

livery by him is presumed until the contrary is proved. Section 16. Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as endorser to the payee if the instrument is payable to the order of a third person. Section 64. Every endorser who endorses without qualification engages that on due presentment, it shall be paid, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder. Section 66. Except as hereinafter otherwise provided, presentment for payment is necessary in order to charge the endorsers. Section 70. Presentment for payment is dispensed with by waiver of presentment express or implied. Section 82. The instrument is dishonored by non-payment when presentment is excused and the instrument is overdue and unpaid. Section 83. When the instrument is dishonored by non-payment, an immediate right of recourse to all parties secondarily liable thereon, accrues to the holder. Section 84. Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-payment, notice of dishonor must be given to each endorser, and any endorser to whom such notice is not given is discharged. Section 89. Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied. Section 109.

The main question for determination is: Does the endorsement in blank before delivery of a promissory note payable one day after date with interest, for the purpose of giving credit to the maker, so fix as matter of law not the status but the liability and rights of such an endorser, as between the original parties, that it cannot be shown that by the course of conduct of the parties attending the

endorsement, that the right of the endorser to have demand made on the maker of the note for payment at maturity, was waived so as to make the endorser's liability not dependent upon such demand?

By the terms of the statute when a person not otherwise a party to a negotiable instrument places thereon his signature in blank before delivery, his status is fixed as that of an endorser. Where the statute fixes the status of a party to a negotiable instrument as being that of an endorser, parol evidence is not admissible to vary such status.

Under the statute an endorser of a negotiable promissory note is not liable thereon if due presentment is not made to the maker for payment, and notice of dishonor is not given, unless such presentment and notice are excused, dispensed with or waived. The rights of an endorser of a negotiable promissory note to have due presentment and notice before liability attaches to him thereon, are annexed by law for the benefit of the endorser and under the terms of the statute such presentment and notice may be expressly or impliedly waived. Waiver may be implied from the conduct of the endorser. See 4 Am. & Eng. Ency. Law (2nd ed.) 460; 7 Cyc. 1126; Robinson v. Barnett, 19 Fla. 670, S. C. 45 Am. Rep. 24. Of course if presentment for payment be waived, the notice of dishonor to the endorser is dispensed with. See Dye v. Scott, 35 Ohio St. 194; 7 Cyc. 1138.

When an action is brought by the payee against an endorser who has endorsed in blank before delivery, promissory notes payable one day after date with interest from date, for the purpose of giving credit to the maker of the notes, evidence of contemporaneous facts and circumstances constituting the course of action of the parties at

the time of the transaction may be shown in evidence in order to ascertain whether or not presentment for payment has been waived. See Somers v. Florida Pebble Phosphate Co., 50 Fla. 275, 39 South. Rep. 61; Robinson v. Barnett, 18 Fla. 602, S. C. 43 Am. Rep. 327; 2 Daniel on Negotiable Instruments, Sec 1093, 1103; Barclay v. Weaver, 19 Pa. St. 396, S. C. 57 Am. Dec. 661, and notes; Boyd v. Bank of Toledo, 32 Ohio St. 526; Hudson v. Wolcott, 39 Ohio St. 618; Tailer v. Murphy Furnishing Goods Co., 24 Mo. App. 420; Dick v. Martin, 7 Hump. (Tenn.) 263; Taylor v. French, 2 Lea (Tenn.) 257; Sanborn v. Southard, 25 Me. 409; President &c. Tanton Bank v. Richardson, 5 Pick. (Mass.) 435; Dye v. Scott, 35 Ohio St. 194; Fuller v. McDonald, Adm'r., 8 Greenleaf (Me.) 213, S. C. 23 Am. Dec. 499; Annville Nat'l Bank v. Kettering, 106 Pa. St. 531; 7 Cyc. 1126; 8 Cyc. 278; Keyes v. Winter, 54 Me. 399; 4 Am. & Eng. Ency. Law (2nd ed.) 460.

At the trial the defendant was called as a witness for the plaintiff and testified without objection that he was a stockholder and was acting as secretary and treasurer of the Molino Lumber & Brick Company, the maker of the notes, at the time he made the endorsements in controversy; that the business of said company was manufacturing lumber, but it had not commenced business nor had the mill been built when the endorsements were made; that the money was borrowed for the purpose of building the mill; that Mr. Johnson, the president of the company, asked the defendant to endorse the notes and told defendant that the plaintiff had asked that defendant should endorse the notes; that he endorsed the notes knowing that they were going into the hands of Mr. Kuntz for the purpose of evidencing the money he was going to loan the company; that he did not then think the notes would be

paid one day after date; that he intended that Kuntz should lend money to the company upon the notes with his endorsement on them; that he didn't expect the notes to be paid the next day after their endorsement; that it was defendant's intention that plaintiff "should receive these notes and should not present them for payment, but should retain them for payment by the working of the mill in producing lumber and for the net proceeds of that lumber to apply to these notes."

The defendant to maintain the issues in his behalf testified: "It was my supposition that the notes should not be presented. I supposed that there was some agreement between Mr. Johnson and Mr. Kuntz. I don't know from any source of any agreement that the notes should not be presented—it was merely a supposition on my part."

This testimony given without objection, taken in connection with the terms of the notes by which they were made payable one day after date with interest from date shows a course of conduct which constitutes a waiver of the right of the defendant as endorser to have the notes presented to the maker for payment at maturity and to have due notice of non-payment as prerequisites to his liability on the notes as endorser.

The notes were made by a corporation in which the defendant was a stockholder, and for which he was acting as secretary and treasurer, they were made payable one day after date with interest from date and were endorsed in blank by the defendant before delivery, for the purpose of giving credit to the corporation, the maker; and action is brought on the notes by the original payee against the endorser in blank before delivery. The endorser himself testifies without objection that he was acting as secretary and treasurer of the corporation mak-

Baumeister v. Kuntz—Opinion of Court.

ing the notes when he endorsed the notes; that he knew the payee asked for his endorsement before he took the notes; that he knew the notes were given for the corporation to secure money to construct a saw mill not yet built; that the notes were to be paid from the net proceeds of lumber to be produced by the mill; that he did not expect or think the notes would be presented for payment or paid at maturity; that they were given to be kept by the plaintiff as evidence of a loan made by him to the corporation and that it was his supposition that the notes would not be presented for payment at maturity.

Under the circumstances the defendant could not have made the endorsements with the requirement or expectation that the notes would be presented for payment one day after their date. By his own testimony he did not expect, and under the circumstances testified to by him, he had no right to expect, presentment or payment to be made at maturity. This being so the presentment was by implication of law waived, and the liability of the endorser was not dependent upon presentment and notice of dishonor. See Fullerton v. Rundlett, 27 Me. 31.

The only issue made by the plaintiff is whether presentment for payment had been waived, and as it is clear that there was such a waiver the right of the plaintiff to recover is established. It is consequently unnecessary to consider any one of the incidental questions presented.

Let the judgment be affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.